# Exhibit A

# Exhibit A

SUMM

# District Court
## CLARK COUNTY, NEVADA

KATHRYN RIOS, an individual;

        Plaintiff,

vs.

DESTINATIONS BY DESIGN, INC.; DOES I through X; and ROE Corporations XI through XX, inclusive,

        Defendant.

Case No. A-21-831604-C
Dept. No. 5

## SUMMONS

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:** A Civil Petition for Judicial Review has been filed by the plaintiff against you for the relief set forth in the Complaint.

## DESTINATIONS BY DESIGN, INC., a corporation;

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:
    a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.
    b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the request of:

_/s/Christian Gabroy, Esq. _____
Christian Gabroy
Nevada Bar No. 8805
Gabroy Law Offices
170 S. Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Attorney for Plaintiff

STEVEN D. GRIERSON, CLERK OF COURT

By: _____ 4/14/2021
    Deputy Clerk                    Date
    County Courthouse
    200 South Third Street
    Las Vegas, Nevada 89101    **Demond Palmer**

*NOTE: When service is by publication, add a brief statement of the object of the action.
        See Rules of Civil Procedure, Rule 4(b).

STATE OF _____ )
                                 ) ss:     AFFIDAVIT OF SERVICE
COUNTY OF _____ )

_____, being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceeding in which this affidavit is made. That affiant received _____ copy(ies) of the Summons and Complaint, _____ on the ___ day of _____, 2021 and served the same on the ____ day of _____, 2021 by:

**(affiant must complete the appropriate paragraph)**

1. delivering and leaving a copy with the defendant _____ at (state address)_____.
2. serving the defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and **discretion residing at the defendant's usual place of abode** located at (state address) _____.
(Use paragraph 3 for service upon agent, completing A or B)

3. serving the defendant _____ by personally delivering and leaving a copy at (state address) _____.
    a. with _____ as _____, an agent lawfully designated by statute to accept service of process;

    b. with _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4. personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope postage prepaid (check appropriate method):

    ____ Ordinary mail
    ____ Certified mail, return receipt requested
    ____ Registered mail, return receipt requested

    addressed to the defendant _____ **at the defendant's last known address which is (state address)** _____.

        Executed this _____ day of _____, 20_____.

                                                _____
                                                Signature of person making service

SUBSCRIBED AND SWORN to before me this

____ day of _____, 2021.

NOTARY PUBLIC in and for said County
and State

My commission expires:

Electronically Filed
4/12/2021 4:08 PM
Steven D. Grierson
CLERK OF THE COURT

**ACOM**
GABROY LAW OFFICES
Christian Gabroy (#8805)
Kaine Messer (#14240)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel    (702) 259-7777
Fax    (702) 259-7704
christian@gabroy.com
kmesser@gabroy.com
*Attorneys for Plaintiff*

# EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| KATHRYN RIOS, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>DESTINATIONS BY DESIGN, INC.;<br>DOES I through X; and ROE Corporations XI through XX, inclusive,<br><br>Defendants. | Case No. A-21-831604-C<br>Dept.: 5<br><br>**FIRST AMENDED COMPLAINT** |

### FIRST AMENDED COMPLAINT

COMES NOW Kathryn Rios ("Rios" or "Plaintiff"), by and through her attorneys, Christian Gabroy, Esq. and Kaine Messer, Esq. of Gabroy Law Offices, and hereby alleges and complains of Defendant Destinations By Design, Inc. ("Defendant") as follows:

### VENUE AND JURISDICTION

1. This is a civil action for damages under state and federal laws prohibiting unlawful employment actions and to secure the protection of and to redress deprivation of rights under these laws.

2. Jurisdiction and venue are based on NRS Chapter 613, 42 U.S.C §2000e, *et seq.* and Plaintiff's claims under Nevada law.

3. All alleged unlawful employment actions occurred in this judicial district.

### PARTIES

4. At all times relevant, Plaintiff was a resident of this Judicial District of Clark

Page 1 of 8

County, Nevada.

5. At all times relevant, Plaintiff was an employee of Defendant as that term is defined in 42 U.S.C. §2000e.

6. At all times relevant, Defendant was Plaintiff's employer as that term is defined in both 42 U.S.C. §2000e and NRS 613.310 in that Defendant had fifteen or more employees for each working day in each of twenty or more calendar weeks.

7. Plaintiff is informed, believes, and thereon alleges that at all times relevant, Destinations By Design, Inc. was a Nevada corporation listed with the Nevada Secretary of State.

8. Plaintiff is informed, believes, and thereon alleges that at all times relevant, Destinations By Design, Inc. was doing business in this Judicial District in Clark County, Nevada where the unlawful employment practices and wrongful actions complained herein occurred.

9. At all times relevant, Destinations By Design, Inc. was Plaintiff's employer.

10. Based on information and belief, at all relevant times, each of the named Defendants were the partners, joint ventures, joint enterprise, alter-egos, subsidiaries, parent companies, successor corporations, integrated entities, agents, co-conspirators, servants, and employees of each of the other named Defendants herein, and were acting at all relevant times within the scope, course, purpose, and authority of said partnership, joint venture, agency, service, employment, and conspiracy, and with the knowledge, consent, permission, acquiescence, and ratification of their co-defendants

11. The true names and capacities, whether individual, corporate, associate or otherwise of other Defendants hereinafter designated as Does I-X and Roe Corporations XI-XX, inclusive, who are in some manner responsible for the injuries described herein, and who were, upon information and belief, Plaintiff's "employer" is unknown to Plaintiff at this time who therefore sues said Defendants by such fictitious names and will seek leave of the Court to amend this Complaint to show their true names and capacities when ascertained.

12. Plaintiff hereby demands a jury trial on all issues triable by jury herein.

## PROCEDURAL REQUIREMENTS

13. Plaintiff has satisfied all administrative and jurisdictional requirements necessary to maintain this lawsuit.

14. Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about September 20, 2019. *See* a true and correct copy of Plaintiff's Charge of Discrimination attached hereto as Exhibit I. Such allegations of Exhibit I are hereby incorporated herein this Complaint.

15. On or about April 7, 2021, the EEOC issued Plaintiff a Notice of Right to Sue. *See* a true and correct copy of Plaintiff's right to sue attached hereto as Exhibit II

## FACTUAL ALLEGATIONS

16. In or around December of 2018, Plaintiff was hired by Defendant as a floater.

17. Plaintiff is a female.

18. Shortly thereafter, Defendant promoted Rios to the position of welder.

19. Plaintiff experienced severe and pervasive harassment while employed by Defendant.

20. Defendant, at all times relevant, was Plaintiff's employer.

21. Plaintiff was sexually harassed by her manager.

22. Plaintiff's manager was an agent of Defendant.

23. On at least one occasion, Plaintiff's manager forced Rios to perform a sexual act on him while in his vehicle on the way back from picking up lunch.

24. On or about March 25, 2019, Plaintiff informed Defendant of the aforementioned sexual harassment.

25. Later that same day, Defendant demoted Rios back to the position of floater.

26. Defendant told Rios that it "had a chance to talk with all the parties involved and believe[d] that the best course of action is to proceed with you under a

Page 3 of 8

1. new supervisor."

27. Such new supervisor was to oversee Plaintiff in the position of floater.

28. Indeed, following Rios's report of sexual harassment, Defendant demoted Plaintiff on the very same day Rios complained of sexual harassment.

29. Plaintiff was demoted in retaliation for her sexual harassment complaint.

30. On or about the next day, March 26, 2019, Rios was constructively discharged.

31. Upon information and belief, Plaintiff's supervisor did not receive adequate harassment training from Defendant.

32. Upon information and belief, Defendant's management did not receive adequate instruction regarding unlawful practices towards its employees.

## FIRST CAUSE OF ACTION
## SEX DISCRIMINATION / HARASSMENT
## Title VII 42 U.S.C. §2000e *et seq.* / NRS 613.330

33. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

34. As more fully set forth above, Plaintiff was subjected to unwelcome sexual harassment and/or discrimination.

35. As set forth above, Plaintiff is a female and therefore a member of a protected class.

36. Plaintiff was discriminated against, harassed, and constructively discharged on the basis of her sex.

37. Defendant committed unlawful actions, including but not limited to, harassment of Plaintiff as a female and demoting Plaintiff upon her complaints of sexual harassment.

38. Such actions constitute unlawful sex discrimination and harassment.

39. This unlawful conduct endured by Plaintiff was so severe and pervasive that it was frequent, humiliating, and interfered with Plaintiff's ability to work.

40. This sexual conduct was sufficiently severe or pervasive as to alter the

compensation, terms, conditions and privileges of Plaintiff's employment.

41. Defendant, through its agents, became aware of sexual harassment and/or discrimination that Plaintiff experienced and took no action to stop it.

42. Instead, Defendant became aware of the sexual harassment and/or discrimination that Plaintiff experienced and demoted her to a former position she had previously held.

43. Given the aforementioned, Defendant's conduct was so severe and pervasive as to constitute an objective abusive hostile work environment in violation of Title VII, 42 U.S.C. §2000e et seq. Defendant, in creating, condoning, and perpetuating a sexually hostile work environment, has engaged in a discriminatory practice with discriminatory hostility based upon Plaintiff's status as a female, with malice or reckless indifference to Plaintiff's federally protected rights.

44. Defendant, by the aforementioned conduct, discriminated against Plaintiff.

45. All of Defendant's unlawful actions described herein were done willfully and intentionally and in reckless disregard for Plaintiff's protected rights under federal law.

46. As a direct and proximate result of the conduct of the Defendant described hereinabove, Plaintiff has sustained damages in excess of Fifteen Thousand Dollars ($15,000.00).

47. As a result of Defendant's conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, have been damaged thereby, and are entitled to reasonable attorneys' fees and costs.

48. Defendant has acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendant's wrongful conduct, Plaintiff is entitled to an award of exemplary or punitive damages.

**SECOND CAUSE OF ACTION**
**RETALIATION**
**42 U.S.C. §2000e et seq. and NRS 613.340**

49. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

50. As set forth more fully above, Defendant retaliated against Plaintiff when she opposed discrimination and unlawful conduct, in good faith, as detailed in her internal complaint and discussions with Defendant.

51. There exists a temporal proximity in relation to Plaintiff's internal complaints of unlawful discrimination and Plaintiff's resulting demotion.

52. Defendant subjected Plaintiff to undeserved disciplinary conduct and demotion in close temporal proximity after Plaintiff complained to Defendant of discriminatory, harassing behavior.

53. Defendant retaliated against Plaintiff when she opposed discrimination and unlawful conduct by demoting Plaintiff.

54. Plaintiff's retaliatory demotion was in violation of 42 U.S.C. §2000e *et seq.* and NRS 613.340.

55. By taking these adverse actions because Plaintiff complained of her disparate treatment, Defendant has engaged in a discriminatory practice with malice and/or with reckless disregard to Plaintiff's protected rights. As a result, Plaintiff has been damaged.

56. As a direct and proximate result of the conduct of the Defendant described hereinabove, Plaintiff has sustained damages in excess of Fifteen Thousand Dollars ($15,000.00).

57. As a result of Defendant's conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, have been damaged thereby, and are entitled to reasonable attorneys' fees and costs.

58. Defendant has acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendant's wrongful conduct, Plaintiff is entitled to an award of exemplary or punitive damages.

## THIRD CAUSE OF ACTION
## NEGLIGENT HIRING, TRAINING, & SUPERVISION

59.  Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

60.  Defendant had a duty of reasonable care to protect the Plaintiff from the negligent and/or careless actions of its own agents, officers, employees and others. In addition, Defendant had a duty not to hire individuals with a propensity towards committing unlawful acts against Plaintiff, and to adequately train and supervise its employees in regards to all correct policies and procedures in regards to harassment, retaliation, and/or termination policies and procedures.

61.  Defendant knew and/or should have known that its employees had a propensity towards committing unlawful acts.

62.  Specifically, Defendant knew or should have known that its management and/or human resources personnel were not adequately knowledgeable, trained, qualified, and/or competent regarding Defendant's workplace obligations toward employees and that as such Plaintiff's rights would be violated should a scenario concerning Defendant's workplace obligations toward Plaintiff arise.

63.  In violations of its duty, Defendant damaged Plaintiff by failing to supervise, train and hire appropriate personnel which resulted in damages including severe emotional distress including but not limited to loss of confidence in abilities, great mental and emotional harm, anguish, insecurity, damage to self-esteem and self-worth, shame and humiliation, lack of appetite, loss of sleep, and/or anxiety.

64.  As a direct and proximate result of Defendant's conduct described hereinabove, Plaintiff has sustained damages in excess of Fifteen Thousand Dollars ($15,000).

65.  As a result of Defendant's conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable

1  attorneys' fees and costs.

2  66. Defendant has acted willfully and maliciously, and with oppression, fraud, or malice, and a result of Defendant's wrongful conduct, Plaintiff is entitled to an award of exemplary or punitive damages.

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

1. For general damages in excess of $15,000.00;
2. For special damages;
3. For consequential damages;
4. For punitive damages; and,
5. Such other and further relief as the Court may deem just and proper.

DATED this 12th day of April 2021.

GABROY LAW OFFICES

By /s/

Christian Gabroy, Esq.
Kaine Messer, Esq.
The District at Green Valley Ranch
170 South Green Valley Parkway
Suite 280
Henderson Nevada 89012
Tel: (702) 259-7777
Fax: (702) 259-7704
christian@gabroy.com
kmesser@gabroy.com
*Attorneys for Plaintiff*

# EXHIBIT I

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>487-2019-01298 |
|---|---|---|

Nevada Equal Rights Commission and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>Ms. Kathryn Rios | Home Phone | Year of Birth<br>1982 |
|---|---|---|

Street Address: [redacted]    City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>DESTINATIONS BY DESIGN, INC. | No. Employees, Members<br>201 - 500 | Phone No.<br>(702) 798-9555 |
|---|---|---|

Street Address: 7608 W. Teco Ave., LAS VEGAS, NV 89113

| Name | No. Employees, Members | Phone No. |
|---|---|---|

Street Address    City, State and ZIP Code

DISCRIMINATION BASED ON (*Check appropriate box(es).*)
☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 02-15-2019    Latest: 03-01-2019
☐ CONTINUING ACTION

THE PARTICULARS ARE (*if additional paper is needed, attach extra sheet(s)*):

On or about December 06, 2018, I was hired by Destinations by Design, Inc. in the position of Floater. My last job title held was Welder. On or about February 15, 2019, I was sexually harassed by Manager, Evan Tardiff. Such as, but not limited to, Mr. Tardiff forcing me to perform a sexual act on him while in his car on our way back from picking up lunch. I informed Human Resources of the hostile work environment; however, no action was taken to investigate or to promptly correct. On or about March 25, 2019, I was demoted back to a Floater status position. On or about March 26, 2019, I was constructively discharged.

I believe I was discriminated against because of my Sex (Female), and Retaliated against for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Digitally signed by Kathryn Rios on 09-20-2019 05:22 PM EDT

NOTARY - *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*)

Rios 0001

# EXHIBIT II

EEOC Form 161-B (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Kathryn Rios
c/o GABROY LAW OFFICES
ATTN: Christian Gabroy, Esq.
170 S. Green Valley Pkwy., Suite. 280
Henderson, NV 89012

From: Las Vegas Local Office
333 Las Vegas Blvd South
Suite 5560
Las Vegas, NV 89101

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2019-01298 | Juan N. Serrata, Investigator | (702) 553-4459 |

NOTICE TO THE PERSON AGGRIEVED: *(See also the additional information enclosed with this form.)*

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Patricia Kane
Digitally signed by Patricia Kane
Date: 2021.04.07 11:19:53 -07'00'

Enclosures(s)

Patricia A. Kane,
Acting Director

4/7/21
*(Date Issued)*

cc: DESTINATIONS BY DESIGN, INC.
c/o Lewis Roca Rothgerber Christie LLP
ATTN: Howard E. Cole
3993 Howard Hughes Pkwy., Suite 600
Las Vegas, NV 89169

Enclosure with EEOC
Form 161-B (11/2020)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge within **90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* to you (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*